# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-3797

_____

United States of America

*Plaintiff - Appellee*

v.

Adnan Alibegic

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: May 9, 2022
Filed: May 27, 2022
[Published]

_____

Before STRAS, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Law enforcement officers found Adnan Alibegic unresponsive in the front seat of his car, with drugs and a gun next to him. They found two more guns in his home while executing a search warrant. Alibegic pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2).

The Presentence Report recommended a 4-level enhancement for possessing the gun "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The "other felony" was a violation of Iowa Code § 724.4(1) (2018) (amended 2021). At the time, that provision prohibited "knowingly carr[ying] or transport[ing] in a vehicle a pistol or revolver." Id. But the Iowa legislature significantly amended the statute before Alibegic's sentencing hearing. The new version, effective July 1, 2021, reads: "A person who goes armed with a dangerous weapon on or about the person, and who uses the dangerous weapon in the commission of a crime, commits an aggravated misdemeanor." Iowa Code § 724.4 (2021).

It's undisputed that Alibegic's offense conduct violated the old version of the statute. The district court[1] found that the relevant version was the one in effect at the time of the offense, and applied the enhancement. Alibegic appeals, arguing that the district court misapplied the enhancement because the relevant version for Guidelines purposes is the one in effect at the time of sentencing.

We review the district court's legal conclusions in applying the enhancement *de novo*, and its findings of fact for clear error. United States v. Dixon, 822 F.3d 464, 465 (8th Cir. 2016).

The court correctly found that, for purposes of § 2K2.1(b)(6)(B), the relevant version of Iowa Code § 724.4(1) is the one in effect at the time of the offense, not at the time of sentencing. United States v. Ford, No. 21-1534, 2022 WL 274510, at *2 (8th Cir., Jan. 31, 2022) (per curiam) (unpublished) (citing United States v. Merrett, 8 F.4th 743, 747 n.1 (8th Cir. 2021)). When Alibegic committed the offense, his conduct was a felony under state law.

Alibegic tries to distinguish his case from Ford and Merrett. In those cases, the law was amended after sentencing, while the defendants' appeals were pending;

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

Alibegic was sentenced after the amendment took effect. But this difference is immaterial. The relevant version of the statute under our rule—the one in effect at the time of the offense—was the same in all three cases.

Accordingly, we affirm.

_____